# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL G. SANDOVAL, | |
| *Petitioner*, | 3:11-cv-00799-LRH-VPC |
| vs. | ORDER |
| ROBERT LEGRAND, *et al.* | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#18) to toll the statute of limitations as well as for initial review of the superceding second amended petition (#23) under Rule 4 of the Rules Governing Section 2254 Cases.

The motion to toll the statute of limitations will be denied without prejudice to consideration of any tolling issues arising on a motion to dismiss the petition or claims therein as untimely, if such a motion is filed. When petitioner filed the counseled first amended petition, he sought a holding tolling the federal limitation period while habeas counsel completed investigation and preparation of a second amended petition. The Court often does take into account, along with other factors, the fact that there may be time remaining in the federal limitation period when considering whether to make a discretionary appointment of federal habeas counsel. There is no direct correlation, however, between a determination that the interests of justice warrant the discretionary appointment of federal habeas counsel and a determination that a petitioner is entitled to tolling of the federal limitation period -- either before or after the appointment of counsel. This Court repeatedly has rejected requests for an anticipatory ruling as to tolling prior to the filing of a pleading setting forth the claims as to which tolling may be sought. Any question as to whether a basis for statutory or equitable tolling exists in the

circumstances presented instead will be addressed within the context of a motion to dismiss if respondents challenge the timeliness of the petition, as amended, or claims therein. The Court notes in this regard that tolling would not be required if the first amended petition was filed timely and all of the claims in the second amended petition relate back to claims in the first amended petition.

The Court's denial of the motion does not constitute an express or implied holding as to any legal or factual issue regarding any federal limitation issue raised in this matter. The Court's denial of the motion is without prejudice to the respective positions of both petitioner and the respondents.

Following review under Rule 4, the Court will direct a response to the second amended petition, subject to the provisions below.

IT THEREFORE IS ORDERED that petitioner's motion (#18) to toll the statute of limitations is DENIED without prejudice.

IT FURTHER IS ORDERED that, to the extent that leave of court was required to file the second amended petition under Rule 15(a), such leave is granted *nunc pro tunc*.

IT FURTHER IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond, including potentially by motion to dismiss, to the second amended petition (#23). **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4**.

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss *or* embedded in the answer. Procedural defenses omitted from such a motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss *not* in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In

short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised via a single motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Las Vegas Clerk's Office**.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition.

DATED this 25th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE