UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL G. SANDOVAL,<br><br>Petitioner,<br><br>v.<br><br>ROBERT LEGRAND,<br><br>Respondents. | Case No. 3:11-cv-00799-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on respondents' motion to dismiss (dkt. no. 28). Respondents contend, *inter alia*, that the second amended petition (dkt. no. 23) is a mixed petition because Ground 2 is not exhausted.

I.  **BACKGROUND**

Petitioner Daniel Sandoval challenges his 2006 Nevada state conviction, pursuant to a guilty plea, of battery with intent to commit sexual assault on a child under fourteen and willfully endangering a child as a result of child abuse. He challenged his conviction in the state courts both on direct appeal and in a post-conviction petition.

In Ground 2, petitioner alleges that he was denied due process of law in violation of the Fifth and Fourteenth Amendments because the state statute of limitations allegedly had run on the charges brought against him.

It is undisputed that petitioner presented a claim on direct appeal only of alleged state law error, contending that the state district court erred in denying his motion to dismiss the charges based on the statute of limitations. Petitioner presents no argument to the contrary.

Petitioner contends, however, that Ground 2 is technically exhausted because the claim would be procedurally defaulted in the state courts, such that there allegedly is not an available remedy in the state courts. In particular, petitioner contends that "there is no question a second successive [state] petition would be procedurally barred," "[n]o credible claim can be made that Sandoval has any available remedies left in state court," and "there is no reasonable probability that state relief remains available to" him.[1] However, petitioner also contends that "he can demonstrate good cause and prejudice to overcome any procedural defaults." Petitioner does not specify how he could do so but instead "requests an opportunity to fully brief this issue upon this Court's order."[2]

Petitioner thus urges, on the one hand, that he has no remedy in the state courts because his claims would be procedurally defaulted but, on the other, that he can overcome a procedural default on a showing of cause and prejudice.

## II. DISCUSSION

Petitioner does not present argument seeking to establish that he fairly presented the federal claim in Ground 2 to the state courts. The Court therefore does not tarry over an articulated application of the well-established law in this regard.[3]

---

[1] Dkt. no. 30, at 3-4.

[2] *Id.*, at 3 n.1. Nothing in the prior order (dkt. no. 27) deferred briefing on any issues raised in responding to a motion to dismiss. Petitioner may not unilaterally defer briefing.

[3] Under Local Rule LR 7-2(d), the failure to file points and authorities in response to a motion in full or in part constitutes a consent to the granting of the motion to the extent to which no response is made. *E.g., Joseph v. Las Vegas Metropolitan Police Dept.*, 2010 WL 3238992, slip op. at *5 (D. Nev., Aug. 13, 2010).
Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (fn. cont...)

Petitioner's contention that he can establish cause and prejudice to overcome a procedural default wholly undercuts his contention that he has no available remedy in the state courts because his claim would be procedurally defaulted.

As the Court has noted in multiple prior cases, the standards for excusing a procedural default are substantially the same in Nevada state court as they are in federal court. Accordingly, the Court will not hold claims to be exhausted on the premise that the petitioner's claims would be procedurally defaulted in state court absent an unequivocal stipulation by the petitioner that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims.[4]

Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under Nevada state post-conviction procedure, must include concessions that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the state procedural bars;[5] (2) petitioner cannot avoid

---

(... fn. cont.)
(9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under *Rose v. Lundy*, 455 U.S. 509 (1982), a petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

[4]*See, e.g., Johnson v. Neven*, No. 2:08-cv-01363-JCM-RJJ, dkt. no. 70, at 13-15 (D.Nev. July 26, 2012) (declining to find exhaustion on the basis of procedural default absent an unequivocal stipulation, *inter alia*, that petitioner could not overcome the procedural bars under the substantially similar standards for overcoming the bars in state court); *Gaines v. Neven*, No. 2:10-cv-01367-RLH-NJK, dkt. no. 20, at 6-7 (D. Nev. April 10, 2012); *see also Wheeler v. Cox*, No. 3:12-cv-00469-MMD-WGC, dkt. no. 27, at 18-19 & n.37 (D. Nev. May 29, 2013) (referring to the same background principles in granting a motion for a stay to exhaust); *accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir., Apr. 2, 2009) (in an unpublished disposition, holding that the petitioner had not established that exhaustion would be futile, given the substantial similarity of Nevada state and federal standards to overcome a procedural bar).

[5]*See, e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006) ("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004) (recognizing that Nevada's cause and prejudice analysis and the federal cause and prejudice analysis are nearly identical).

dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome the procedural bars;[6] and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. Petitioner has not made these stipulations here.

In the absence of such concessions, the Court will not hold that there is no possibility that the unexhausted claims would be considered by the state courts. Given the similar standards, substantially any argument that a petitioner might present in federal court to overcome a procedural default can be presented to the state courts in the first instance. The Court thus repeatedly has rejected the proposition that claims that a petitioner thereafter might pursue in a second state petition are technically exhausted by virtue of being procedurally defaulted, given that the Nevada state courts apply substantially the same standards as do the federal courts for overcoming a procedural bar. It generally is more appropriate for the state courts to have the opportunity in the first instance to consider the application of conclusive procedural bars. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011), *cert. denied*, 133 S.Ct. 155 (2012) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve the claim).

The Court accordingly is not persuaded on the showing made that Ground 2 is exhausted on the premise that Ground 2 is procedurally defaulted. The Court therefore

///

---

[6]*See, e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," citing *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

4

holds that Ground 2 is not exhausted. The Court thus need not reach the remaining arguments directed to whether Ground 2 presents a viable federal habeas claim.

### III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 28) is granted in part, such that the Court holds that Ground 2 is not exhausted.

It is further ordered that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for a partial dismissal only of the unexhausted Ground 2, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

DATED THIS 24th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE